```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
BARIS OZKAPTAN,                                                   :
                                                                  :
                        Plaintiff,                                :
                                                                  :   20-CV-747 (JMF)
                -v-                                               :
                                                                  :        ORDER
CITIGROUP, INC.                                                   :
                                                                  :
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Petitioner Baris Ozkaptan petitions, pursuant to 9 U.S.C. § 9, to confirm an arbitration award issued on October 1, 2019. *See* ECF No. 1; *see also* ECF No. 2, Ex. C (the "Award). Defendant CitiGroup, Inc. cross-petitions for confirmation of the same award, *see* ECF No. 11, or, alternatively, argues that Ozkaptan's petition should be dismissed as moot, *see* ECF No. 12, at 16 n.17. Notably, neither party contests the validity of the Award. Instead, the principal dispute between the parties is whether CitiGroup has already complied with the Award based on its payment in part to Ozkaptan and in part to United Kingdom tax authorities.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted). In light of this standard, and because *both* parties seek confirmation, the Court is inclined to confirm the Award and enter judgment to that effect. Whether CitiGroup has already complied with the Award or not appears to be a distinct question that goes to the Award's enforcement, not to its

confirmation.  *See Zeiler v. Deitsch*, 500 F.3d 157, 169 (2d Cir. 2007) ("A district court confirming an arbitration award does little more than give the award the force of a court order. At the confirmation stage, the court is not required to consider the subsequent question of compliance.").  And whether or not CitiGroup has already complied, the petition to confirm does not appear to be moot.  *See, e.g.*, *Schusterman v. Mazzone*, No. 19-CV-212 (PAE), 2019 WL 2547142, at *4 (S.D.N.Y. June 19, 2019); *Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15-CV-9440 (DLC), 2016 WL 1178779, at *3 (S.D.N.Y. Mar. 24, 2016).

Accordingly, **no later than one week from the date of this Order**, the parties shall file letters, not to exceed five pages, showing good cause why the Court should not confirm the Award and enter judgment to that effect, leaving the questions of compliance and enforcement to another proceeding (whether in this forum or in another).  Absent a showing of good cause, the Court will enter an order confirming the Award without further notice to the parties.

SO ORDERED.

Dated:  October 20, 2020
        New York, New York

_____
JESSE M. FURMAN
United States District Judge